IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TIMOTHY PATRICK ABEYTA,

    Plaintiff,

v.                                                                                                                       No. 23-cv-0808-KWR-JFR

BOARD OF COUNTY COMMISSIONERS
FOR BERNALILLO COUNTY,

    Defendant.

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter is before the Court on the Motion to Dismiss filed by Defendant Board of County Commissioners for Bernalillo County (the Board). *See* Doc. 4 (Motion). Defendant seeks dismissal of Plaintiff's Prisoner Civil Complaint on the ground that it fails to state a cognizable claim. Having reviewed the relevant law and arguments, the Court will grant the Motion, in part, but permit Plaintiff to amend his claims.

**BACKGROUND**

This case stems from Plaintiff's state criminal prosecution and his conditions of confinement at the Metropolitan Detention Center (MDC) in Albuquerque, New Mexico. The Prisoner Civil Complaint consists of one page. *See* Doc. 1-1 (Complaint). Plaintiff alleges he did not receive a hearing for an initial appearance upon his arrest, and he was required to remain in pretrial custody without bond. *Id.* Plaintiff further contends he was locked down almost every day at MDC due to staff shortages. *Id.* MDC allegedly lacks lighted exit signs or "escape routes posted in violation of the fire code." *Id.* Plaintiff submitted grievances on these issues but did not

obtain internal relief. *Id.*

The caption of the Complaint lists the Board as the Defendant. *See* Doc. 1-1 at 1. The body of the Complaint also states that "Raul Torres, Sam Bregman, Benet Baur, Katrina Wilson, Chief Judge Whitaker, [and] Warden Richardson are named …." *Id.* The Complaint raises claims for "false imprisonment, malicious prosecution, … abuse of process, [and] cruel and unusual punishment" under the U.S. Constitution. *Id.* Plaintiff seeks damages equal to $1,700 per day of his incarceration. *Id.*

Plaintiff originally filed the Complaint in New Mexico's Second Judicial District Court. *See* Doc. 1-1 at 1. On September 20, 2023, the Board removed the case based on federal-question jurisdiction and filed the instant Motion under Fed. R. Civ. P. 12(b)(6). *See* Docs. 1, 4. Plaintiff filed a response (Doc. 5); the Board filed a reply (Doc. 7); and Plaintiff filed a supplemental response and/or surreply (Doc. 9). Plaintiff's responses purport to add new facts and claims that do not appear in his Complaint. However, a party cannot amplify his factual allegations through the response to a motion to dismiss. *See Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) (The purpose of a "motion to dismiss is to test the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."); *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss") (citations omitted). The Court will therefore limit its review to whether the Complaint itself states a cognizable claim under Rule 12(b)(6) and 28 U.S.C. § 1915A and, if it does not, whether to permit an amended pleading.

## STANDARD OF REVIEW

Under Rule 12(b)(6), the Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Section 1915A of Title 28 also requires

the Court to *sua sponte* dismiss any prison complaint against a government official if the complaint is frivolous, malicious, or fails to state a cognizable claim under Rule 12(b)(b). *See* 28 U.S.C. § 1915A. These rules and statutes test "the sufficiency of the allegations within the four corners of the complaint." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). When considering a Rule 12(b)(6) motion, the Court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *See Smith v. United States*, 561 F.3d 1090, 1097 (10th Cir. 2009), *cert. denied*, 558 U.S. 1148 (2010).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). While *pro se* pleadings are judged by the same legal standards as others, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, …, or … unfamiliarity with pleading requirements." *Id.* At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant." *Id.*

**DISCUSSION**

Plaintiff raises claims under the federal constitution, which are analyzed under 42 U.S.C. § 1983. *See Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016) (Section 1983 is the "remedial vehicle for raising claims based on the violation of [federal] constitutional rights"). "A cause of action under Section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *See Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046. "Collective allegations" regarding the alleged violation will not satisfy this standard. *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008). The complaint must "make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her." *Id.*

Applying these standards, the Complaint fails to state a cognizable claim against any Defendant. As to the Defendants named in the body of the Complaint, it is not clear who the individuals are or how they were involved in any alleged wrongdoing. The Complaint also fails to allege the Board participated in wrongdoing. To the extent Plaintiff intends to sue the Board or any supervisory defendant based on a theory of *respondeat superior*, such liability is not available in § 1983 actions. *See Cannon v. City and County of Denver*, 998 F.2d 867, 877 (10th Cir. 1993); *see also Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978). To establish the liability of local-government entities under § 1983, "a plaintiff must show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation

alleged." *Jenkins v. Wood*, 81 F.3d 988, 993-94 (10th Cir. 1996). *See also Brown v. Montoya*, 662 F.3d 1152, 1164–65 (10th Cir. 2011) (applying the rule to prison supervisors). There are no facts showing the Board or any supervisor promulgated a policy/custom that impacted Plaintiff's pretrial proceedings or his conditions of confinement.

Alternatively, even if the Complaint sufficiently tied any Defendant to the alleged wrongdoing, the facts do not demonstrate a constitutional violation. Plaintiff raises claims under the Eighth Amendment, which requires prison officials to "provide humane conditions of confinement." *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998). Eighth Amendment claims "involve[] both an objective and a subjective component." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). A § 1983 plaintiff must satisfy the objective component by showing prison conditions threatened his safety or "lead to deprivations of essential food, medical care, ... [or] sanitation." *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981). To satisfy the subjective component, the pleading must demonstrate each defendant "knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Kikumura v. Osagie*, 461 F.3d 1269, 1293 (10th Cir. 2006) (quoting *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)). Plaintiff's allegation that he experiences frequent lockdowns and cannot discern lighted signs or "escape routes" in the event of a fire are too vague demonstrate an objective violation. The Complaint is also devoid of facts showing any Defendant was aware of a substantial risk of harm. The instant Complaint therefore does not state an Eighth Amendment claim.

Plaintiff's reference to "false imprisonment, malicious prosecution, … [and] abuse of process" also fails to state a cognizable claim under § 1983. False imprisonment occurs when a defendant is "intentionally confining or restraining another person without his consent and with knowledge that he has no lawful authority to do so." *Fuerschbach v. Sw. Airlines Co.*, 439 F.3d

5

1197, 1207 (10th Cir. 2006).  The Complaint provides insufficient factual detail to demonstrate any Defendant is detaining Plaintiff without legal authority.  Plaintiff has not shown "the original action terminated in [his] favor," which is an essential element of a claim malicious prosecution. *Shrum v. Cooke*, 60 F.4th 1304, 1310 (10th Cir. 2023).  The abuse of process claim fails for similar reasons.  Plaintiff has not shown any conduct that "would be in improper in the regular prosecution … of a claim." *Mocek v. City of Albuquerque,* 813 F.3d 912, 936 (10th Cir. 2015).

       The Court finally observes that even if there were defects in connection with the state order requiring pretrial detention, it will be difficult to recover under § 1983.  The state criminal docket reflects that Plaintiff was recently convicted of aggravated battery and criminal damage to property.  *See* Consolidated Judgment entered in Case Nos. D-202-CR-2023-01466 and D-202-CR-2023-01543; *United States v. Smalls*, 605 F.3d 765, 768 n. 2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court).  The state trial court sentenced Plaintiff to a total term of five years and six months, with three years and six months suspended.  *Id.*  Plaintiff received presentence confinement credit for the 280 days he spent in pretrial custody.  *Id.*  "[A] section 1983 plaintiff may not receive damages for time spent in custody, if that time was credited to a valid and lawful sentence." *Ewell v. Toney*, 853 F.3d 911, 917 (7th Cir. 2017).  Federal Courts must also dismiss any § 1983 damages claim that, if resolved in the plaintiff's favor, would necessarily imply the invalidity of his conviction or sentence.  *See Heck v. Humphry*, 512 U.S. 477, 487 (1994).  Plaintiff must file a 28 U.S.C. § 2254 habeas petition, if he challenges his conviction or sentence.  *See Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) ("[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.").

For all of these reasons, the Complaint fails to state a cognizable claim against any Defendant under 42 U.S.C. § 1983. The Court will grant the Motion, in part, and dismiss the Complaint. Leave to amend will be granted, however, as *pro se* plaintiffs are ordinarily given an opportunity to remedy defects attributable to their ignorance of federal law. *See Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiff may file a single amended complaint within thirty (30) days of entry of this ruling. The amendment must include all claims Plaintiff wishes to raise in this lawsuit; he cannot amplify his allegations in other filings. If Plaintiff fails to timely comply or files another complaint that fails to state a cognizable § 1983 claim, the Court may dismiss all federal claims with prejudice. In such circumstance, the Court may also dismiss decline to exercise supplemental jurisdiction over any state law claims and either dismiss such claims without prejudice or remand the state claims.

**IT IS ORDERED** that the Board's Motion to Dismiss (**Doc. 4**) is **GRANTED**, **in part**; Plaintiff's Prisoner Civil Complaint (**Doc. 1-1**) is **DISMISSED without prejudice**; and Plaintiff may file an amended complaint within thirty (30) days of entry of this Order.

**SO ORDERED**.

                                                                        /S/
                                                    HON. KEA RIGGS
                                                    UNITED STATES DISTRICT JUDGE