## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

TIMOTHY PATRICK ABEYTA,

     Plaintiff,

v.                                                                                  No. 23-cv-0808-KWR-JFR

BOARD OF COUNTY COMMISSIONERS
FOR BERNALILLO COUNTY, *et al*,

     Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on following Plaintiff Timothy Patrick Abeyta's repeated failure to state a plausible claim for relief. Plaintiff was incarcerated with this case was filed and is proceeding *pro se*. The Court previously conducted the first round of *pro se* screening; dismissed Plaintiff's original Prisoner Complaint (Doc. 1-1); and granted leave to amend with instructions. Because the amended complaint still fails to provide fair notice of the claims or state a cognizable claim for relief, the Court will dismiss the amendment and close this case.

## BACKGROUND

This case stems from Plaintiff's state criminal prosecution and his conditions of confinement at the Metropolitan Detention Center (MDC) in Albuquerque, New Mexico. The original Prisoner Civil Complaint (Doc. 1-1) consists of one page. That pleading alleges Plaintiff did not receive a hearing for an initial appearance upon his arrest; he was required to remain in pretrial custody without bond; and he was locked down almost every day at MDC. The caption of the original Complaint names one Defendant: the Board of County Commissioners for Bernalillo

County (the "Board").  The body of the original Complaint appears to name six other individuals, include state prosecutors and MDC wardens.  The Board moved to dismiss the original Complaint for failure to state a cognizable claim under Fed. R. Civ. P. 12(b)(6).  *See* Doc. 4.

By a Memorandum Opinion and Order entered June 12, 2024, the Court granted the Board's first motion to dismiss, in part.  *See* Doc. 13 (Screening Ruling); *see also* 28 U.S.C. § 1915A (requiring *sua sponte* screening of prisoner claims against government officials).  The Screening Ruling determined the original Complaint fails to state a cognizable federal claim against any Defendant. Specifically, the original Complaint fails to connect any Defendant to the alleged wrongdoing or demonstrate that the Board promulgated a policy/custom that impacted Plaintiff's pretrial proceedings or his conditions of confinement.  *See* Doc. 13 at 4-5 (citing the pleading standards to establish a claim under 42 U.S.C. § 1983, including municipal liability claims).  Alternatively, the Screening Ruling determined the original Complaint contains insufficient factual detail to allege a plausible claim for cruel and unusual punishment, false imprisonment, malicious prosecution, or abuse of process.  *See* Doc. 13 at 5-7 (setting forth the applicable pleading standard for each claim).  Rather than dismissing this case outright - as the Board requested - the Screening Ruling dismissed the original Complaint but granted leave to amend.  The Court provided instructions on the federal pleading standards under 42 U.S.C. § 1983.

The deadline to file an amended complaint expired on July 14, 2025.  On July 22, 2024, Plaintiff filed a Motion to Amend Complaint along with an attached Amended Complaint.  *See* Doc. 14.  The Court discerns Plaintiff seeks permission to file an Amended Complaint after the July 14, 2024 deadline and/or that he believes he needs to seek permission, notwithstanding the Screening Ruling.  The Court will grant the Motion to Amend (Doc. 14) and will construe the attached Amended Complaint (Doc. 14 at 1-18) as the controlling pleading.  To the extent the

Motion to Amend attaches copies of prior filings in this case, including copies of Plaintiff's initial responses to the Board's first motion to dismiss, the Court will not consider additional facts set forth in the prior briefing package. *See* Doc. 13 (citing law and explaining "a party cannot amplify his factual allegations through the response to a motion to dismiss").

The factual allegations in the Amended Complaint (Doc. 14 at 1-18) are similar to those in the original Complaint. Plaintiff seeks damages from various state agencies, judges, and prosecutors who allegedly violated the constitution with respect to his state criminal convictions. *See* Doc. 14 at 9-12. The Amended Complaint further alleges MDC wardens "administer[ed] 24-7 lockdowns, inaccessibility to programs, religious activities, practices, etc." and otherwise "willingly … violat[ed] the U.S. Constitution" and American Corrections Association (ACA) standards. *Id.* at 13. Plaintiff seeks at least $1700 in damages for each day of his incarceration. *Id.* at 15. The Amended Complaint contains several lists of claims and Defendants, which differ from page to page. The Court discerns that, at a minimum, Plaintiff asserts 42 U.S.C. § 1983 claims for cruel and unusual punishment; false imprisonment; malicious prosecution; abuse of process; and "due process violations as a pretrial detainee." *Id.* at 2, 8. The Amended Complaint may also assert state law claims for breach of contract and tort violations. *Id.* at 2, 15.

The Board filed a second Motion to Dismiss (Doc. 15), assuming the Court would accept Plaintiff's Amended Complaint as timely. The Board argues that the Amended Complaint fails to give fair notice of the claims and fails to state a cognizable claim under Rule 12(b)(6). Plaintiff did not respond to the second Motion to Dismiss. The matter is therefore ready for review. The Court will consider whether the Amended Complaint should be dismissed, in light of the prior instructions/pleading standards set forth in the initial Screening Ruling.

**STANDARD OF REVIEW**

Under Rule 12(b)(6), the Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Section 1915A of Title 28 also requires the Court to *sua sponte* dismiss any prison complaint against a government official if the complaint is frivolous, malicious, or fails to state a cognizable claim under Rule 12(b)(b). *See* 28 U.S.C. § 1915A. These rules and statutes test "the sufficiency of the allegations within the four corners of the complaint." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). When considering a Rule 12(b)(6) motion, the Court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *See Smith v. United States*, 561 F.3d 1090, 1097 (10th Cir. 2009), *cert. denied*, 558 U.S. 1148 (2010).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.*

All complaints filed in Federal Court must also comply with Fed. R. Civ. P. 8(a). Under that rule, a pleading must contain "a short and plain statement" of the grounds for relief, and "[e]ach allegation must be simple, concise, and direct." Rule 8(a)(2). "Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007).

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). While *pro se* pleadings are judged by the same legal standards as others, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, …, or … unfamiliarity with pleading requirements." *Id.* At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant." *Id.*

**DISCUSSION**

As noted above, this is the second round of screening (and second round of counseled motions to dismiss) pursuant to 28 U.S.C. § 1915A and Rule 12(b)(6). At issue is whether the Court should dismiss the Amended Complaint and close this case for failure to comply with the pleading standards under Rule 8(a), Rule 12(b)(6), and the initial Screening Ruling. For the reasons below, the Court finds the Amended Complaint is subject to dismissal for failure to comply with Rule 8(a) and alternatively, for failure to state a cognizable federal claim.

**I.        The Complaint Fails to Satisfy Rule 8(a)**

In its Motion to Dismiss, the Board argues the Amended Complaint fails to clarify exactly who is alleged to have done what to whom in order to provide fair notice of the basis for the claims. The Court agrees that the Amended Complaint fails to comply with Rule 8(a). There is no single, definitive list of Defendants. Instead, the Motion to Amend and attached Amended Complaint include several different lists of Defendants. On the first page of that pleading, Plaintiff sets forth a non-exhaustive list of Defendants including: (1) the Board; (2) Attorney General Raul Torres; (3) Sam Bregman; (4) Office of the District Attorney; (5) Bernalillo County; (6) Benet Baur; (7) Office of the Public Defender; (8) Clerk of Court Katrina Watson; (9) Second Judicial District

5

Court; (10) Second Judicial Chief Judge Whitaker; (11) Warden Richardson; and (12) MDC Administration.  *See* Doc. 14 at 1 (noting the list is "not limited to" those Defendants).  Plaintiff includes another non-exhaustive list of Defendants later in the Amended Complaint.  There, Plaintiff purports to "name[] numerous individuals that are employed by State Agencies *such as*" the state court, prosecutor, defender, and attorney general, but Plaintiff does not list the individuals he wishes to sue.  *Id.* at 8 (emphasis added).  Even if the Court were inclined to order an answer pursuant to 28 U.S.C. § 1915A, which it is not, Plaintiff has not conclusively identified who must respond to the Amended Complaint.

It is also difficult to discern the exact nature of the claims raised in the Amended Complaint.  The Amended Complaint itself states Plaintiff seeks damages for alleged constitutional violations under 42 U.S.C. § 1983.  *See* Doc. 14 at 7.  However, in the narrative section of the Motion to Amend, Plaintiff references state claims for breach of contract and breach of the covenant of good faith/fair dealing.  *Id.* at 2.  As noted above, the Motion to Amend and Amended Complaint attach several old responses to Defendant's first motion to dismiss.  *Id.* at 9-52.  It is not clear what information Plaintiff hopes to convey with the exhibits, given that the Screening Ruling explained such filings cannot amplify the factual allegations.  *See* Doc. 13 at 2-3.  For all of these reasons, the Amended Complaint is subject to dismissal for failure to comply with Rule 8(a).

## II.    Alternatively, the Complaint Fails to State a Cognizable Federal Claim

The prior Screening Ruling set forth the legal standards under 42 U.S.C. § 1983.  Plaintiff was advised that any amended pleading must connect each government official to the alleged wrongdoing.  The Screening Ruling further admonished that "[c]ollective allegations regarding the alleged violation will not satisfy th[e pleading] standard."  Doc. 13 at 4 (quoting *Robbins v.*

*Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008)).  Rather, the amended complaint must "make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her."  *Id.*

The Board argues the Amended Complaint continues to use collective allegations and that Plaintiff failed to sufficiently connect Defendants to a constitutional violation.  Having carefully reviewed that pleading, the Court agrees.  Most of the allegations refer to Defendants as a group or state that "bad actors" violated the constitution.  *See, e.g.,* Doc. 14 at 6, 8, 11-12.  As with the original Complaint, the Amended Complaint again relies on a respondeat superior theory to show Defendants are responsible for the alleged constitutional violations.  *Id.* at 8.  The Screening Ruling already explained that "such liability is not available in § 1983 actions."  Doc. 13 (citing *Cannon v. City and County of Denver*, 998 F.2d 867, 877 (10th Cir. 1993) and *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978)).

To the extent the Amended Complaint ties certain state prosecutors or attorneys to Plaintiff's claims for false imprisonment, malicious prosecution, abuse of process, or due process in connection with pretrial procedures, such claims fail for the reasons identified in the Screening Ruling.  Plaintiff was incarcerated pursuant to a state criminal judgment.  *See* Consolidated Judgment entered in Case Nos. D-202-CR-2023-01466 and D-202-CR-2023-01543; *United States v. Smalls*, 605 F.3d 765, 768 n. 2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court).  Plaintiff has not alleged he obtained relief from that judgment, and he cannot collect damages under 42 U.S.C. § 1983 from the individuals responsible for his criminal convictions.  *See* Doc. 13 (citing law in the Screening Ruling demonstrating why these claims fail and advising Plaintiff to file a 28 U.S.C. § 2254 habeas petition, if he wishes to challenge the criminal convictions); *see also Ewell v. Toney*, 853 F.3d 911, 917 (7th Cir. 2017)

7

("[A] section 1983 plaintiff may not receive damages for time spent in custody, if that time was credited to a valid and lawful sentence."); *Heck v. Humphry*, 512 U.S. 477, 487 (1994) (Federal Courts must dismiss any § 1983 damages claim that, if resolved in the plaintiff's favor, would necessarily imply the invalidity of his conviction or sentence).

With respect to Plaintiff's Eighth Amendment conditions of confinement claim, the Amended Complaint contains two specific references to Defendants Warden Richardson and the Board. Plaintiff alleges Richardson:

(1) "continues to exercise procedures aligned to that of the [COVID-19] Public Health Act, administering … 24-7 lockdowns, inaccessibility to programs, religious activities, etc;" and

(2) "knowingly … violated" the "U.S. Constitution" and "federal policies and procedures" that are "administered … under the American Corrections Association [ACA] structure."

Doc. 14 at 13.

Construed liberally, Plaintiff appears to raise the following allegations against the Board:

Bernco remain[s] deliberately indifferent by continuing to operate [MDC]; violating numerous policies, procedures, and standards" of the legislature and the ACA "in regard to yet not limited to fire hazard with posted escape routes, proper clean/sanitized living conditions, 24/7 accessibility to medical staff, property distributed balanced nutrition[al] meals (3x) daily, etc.; which were denied.

Doc. 14 at 14-15. The Amended Complaint also generally alleges Plaintiff is exposed to "dangerous," "inhumane," and "unsafe" conditions and that the "Municipality is failing" to remedy such circumstances. *Id.* at 14.

These allegations are too conclusory to satisfy the pleading standards under the Eighth Amendment. As explained in the Screening Ruling, a § 1983 plaintiff must satisfy the objective component by showing prison conditions threatened his safety or "lead to deprivations of essential food, medical care, ... [or] sanitation." *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981). Aside from

labels and conclusions, Plaintiff has not provided any facts showing that he personally suffered harm or otherwise lacked sufficient food, medical care, or sanitation as a result of any decision by Richardson or the Board.  *See DeSpain v. Uphoff,* 264 F.3d 965, 974 (10th Cir. 2001) ("An inquiry into conditions of confinement by necessity relies on the particular facts of each situation; the circumstances, nature, and duration of the challenged conditions must be carefully considered"). Plaintiff merely alleges that his conditions violate ACA standards and that COVID-19 procedures were applied after 2022.  There are also no details regarding the lockdowns, such as how long they lasted and what, if any, harm Plaintiff suffered as a result of the lockdowns.  *Id.* ("The length of exposure to the conditions is often of prime importance").

Even if the Amended Complaint satisfied the objective element - which it does not - the alleged facts fail to demonstrate Richardson was subjectively aware of any risk of harm, as the Screening Ruling and the pleading standards require.  *See* Doc. 13 (quoting *Kikumura v. Osagie*, 461 F.3d 1269, 1293 (10th Cir. 2006) and noting that to satisfy the subjective component, the pleading must demonstrate each defendant "knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it.").  The Amended Complaint also fails to allege the Board promulgated any specific policy or show that policy caused the alleged constitutional violation.  At most, Plaintiff cites to case law regarding municipal liability without connecting it to this Defendant or this case.  *See, e.g.,* Doc. 14 at 13-15 (citing cases that give examples of policies).  The Complaint therefore fails to satisfy both prongs of the Eighth Amendment test.  To the extent Plaintiff makes a passing reference to "religious activities," this is insufficient to raise any claim under the First Amendment.

### III.    The Court Will Dismiss the Federal Claims and Close This Case

For each alternative reason above, the Court concludes the Amended Complaint (Doc. 14

at pages 1-18)[1] fails to comply with Rule 8(a) and fails to state a cognizable 42 U.S.C. § 1983 claim against any Defendant.  The Court will grant the Board's Motion to Dismiss, in part. Because the Court has already granted leave to amend and set forth the pleading standards in the initial Screening Ruling - *i.e.,* because this is the second round of screening - Plaintiff will not be *sua sponte* invited to file another amendment in this case.  However, given the vague nature of the allegations, it would be difficult to discern which claims are barred following a dismissal with prejudice.  The Court will therefore dismiss all federal claims without prejudice for failure to comply with Rule 8(a) and alternatively, failure to state a cognizable claim against any Defendant under Rule 12(b)(6) and 28 U.S.C. § 1915A.

The Court will also decline to exercise supplemental jurisdiction over any state law claims. *See Brooks v. Gaenzle*, 614 F.3d 1213, 1229–30 (10th Cir. 2010) (federal courts should generally decline to exercise supplemental jurisdiction over a state-law claim if no viable federal claims remain).  The Court ordinarily dismisses the entire case in such circumstances, if it is clear the state claims can be refiled.  However, the limitation period on the state claims is not clear in this case.  The Court will therefore remand any state claims in the Amended Complaint, and the State Court may determine whether, and to what extent, any state claims survive and whether Plaintiff is still willing to prosecute state claims.

**IT IS ORDERED** that Plaintiff's Motion to Amend (**Doc. 14**) is **GRANTED**, as set forth above; and the Court accepts the attached Amended Complaint (**Doc. 14 at pages 1-18**) as the controlling pleading in this case.

---

[1] As noted above, the Court considered the allegations set forth in the Motion to Amend and the attached Amended Complaint, *i.e.,* the allegations set forth in Doc. 14, pages 1 through 18.  The remaining pages (pages 19 through 72) attach previously filed documents in this case, including copies of Plaintiff's responses (Docs. 5, 9) to the Board's *prior* motion to dismiss (Doc. 4).  The Court will not consider any factual allegations in those prior filings, for the reasons explained in the Screening Ruling.

**IT IS FURTHER ORDERED** that the Board's second Motion to Dismiss (**Doc. 15**) is **GRANTED**, **in part**; all federal claims in Plaintiff's Amended Complaint (**Doc. 14 at pages 1-18**) are **DISMISSED without prejudice** pursuant to Rule 8(a) and alternatively, for failure to state a cognizable claim pursuant to Rule 12(b)(6) and 28 U.S.C. § 1915A.

**IT IS FINALLY ORDERED** that the Court declines to exercise supplemental jurisdiction over any state law claims in the Amended Complaint (**Doc. 14 at pages 1-18**); such claims are **REMANDED** to the Second Judicial District Court, Bernalillo County, State of New Mexico, Case No. D-202-CV-2023-06017; and the Clerk's Office is hereby directed to take the necessary actions to remand the case.

**SO ORDERED**.

_____/S/_____
HON. KEA RIGGS
UNITED STATES DISTRICT JUDGE